42029. CITY TRADE & INDUSTRIES, LTD. v. ALLAHABAD BANK, LTD., et al.

FELTON, Chief Judge. 1. The court erred in ruling that it had jurisdiction to render an in personam judgment against the defendant in attachment. There was no service of the declaration in attachment which would give such jurisdiction and there was no conduct of the defendant which amounted to a waiver or acknowledgment of such service as would give general jurisdiction.

2. The trial court correctly held that the agreement between the plaintiffs in attachment and the defendant to surrender possession of the jute attached, to James Talcott, Inc., for disposition, was a waiver of all defects in the attachment proceedings, including the issuance of the attachment, the levy thereunder and the declaration. The agreement is unambiguous. It plainly states that the goods had been attached. The legal consequence of the agreement is that the proceeds of the sale of the jute levied on will be subject to the judgment of the court in the absence of a judgment by the court releasing the property from the court's jurisdiction. The parties to the agreement and James Talcott, Inc., are bound to make the

proceeds of the sale of the jute available to the court for distribution under the findings and orders of the court in the case under the issues made and to be made in the proceedings. (If the attachment was void, of course nothing could retroactively make it valid, but under the facts the defendant is estopped to contend that the attachment is void because by its conduct in agreeing to the disposition of the property sought to be attached it has assisted in putting it beyond the power of the plaintiffs to endeavor to correct whatever deficiencies there might have been in the attachment proceedings, if any, by having the attachment re-levied upon the property.)

3. In addition, after the rendition of the judgments of the court appealed from, a summons of garnishment was issued on the attachment affidavit and bond and was served on an attorney at law for James Talcott, Inc., which filed an amended answer to the summons in its own name, without questioning the validity of the service of the summons, showing an indebtedness to the defendant less certain credits due garnishee and expenses incurred, etc., as shown by the amended answer to the summons of garnishment. The rulings of the court on the validity of the attachment proceedings and the answer of the garnishee give the court unquestionable in rem jurisdiction of the proceeds of the sums due defendant by the garnishee, subject to other possible developments in the further progress of the case.

Under the circumstances existing we do not deem it necessary to pass specifically and in detail on the other numerous rulings by the trial judge. The omission to do so shall be without prejudice to any party to the case.

*Judgments affirmed in part; reversed in part.  Frankum and Pannell, JJ., concur.*

ARGUED MAY 2, 1966—DECIDED JUNE 16, 1966—
REHEARING DENIED JUNE 30, 1966

*Weil, Gotshal & Manges, Charles L. Sparkman, Richardson, Doremus & Karsman, W. Ward Newton,* for appellant.

*Connerat, Dunn, Hunter, Houlihan, Maclean & Exley, Malcolm Maclean, Reginald C. Haupt, Stanley Feiler, Kennedy & Sognier,* for appellees.